# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

OCWEN LOAN SERVICING, LLC,

Plaintiff,

v.

BFP INVESTMENTS 5, LLC,

Defendant.

Case No. 2:15-cv-01841-APG-CWH

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND TEMPORARILY STAYING CASE**

(ECF No. 15)

This is one of many disputes over the effect of a non-judicial foreclosure sale conducted by the homeowners association ("HOA") after the prior owner failed to pay HOA assessments. On August 12, 2016, a divided Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* held that Nevada Revised Statutes Chapter 116's HOA nonjudicial foreclosure scheme, as it existed before the statutory scheme was amended in 2015 "facially violated mortgage lenders' constitutional due process rights." No. 15-15233, 2016 WL 4254983, at \*5 (9th Cir. Aug. 12, 2016); *but see id.* at \*6-11 (Wallace, J. dissenting). I disagree with the majority opinion for the reasons I have set out previously. *See Las Vegas Dev. Grp., LLC v. Yfantis*, --- F. Supp. 3d ---, No. 2:15-cv-01127-APG-CWH, 2016 WL 1248693, at \*3-6 (D. Nev. Mar. 24, 2016).[1] In particular, the *Bourne Valley* majority opinion does not address the fact that the Supreme Court of Nevada has already construed this Nevada state statute to require notice to the mortgage lenders. *See SFR Investments Pool 1, LLC v. U.S. Bank, NA.*, 334 P.3d 408, 417-18 (Nev. 2014) (en banc).

---

[1] Other judges in this district have also disagreed with the *Bourne Valley* majority's analysis on both the statute's interpretation and on whether there is state action. **Error! Main Document Only.***See Morgan Chase Bank v. SFR Investments Pool*, 2:14-cv-02080-RFB-GWF, 2016 WL 4084036, at \*8 (D. Nev. July 28, 2016) (Boulware, J.); *Capital One v. Las Vegas Dev. Group*, No. 2:15-cv-01436-JAD-PAL, 2016 WL 3607160, at 5 (D. Nev. June 30, 2016) (Dorsey, J.); *Bank of Amer. v. Rainbow Bend HOA*, No. 3:15-cv-00291-MMD-WGC, 2016 WL 1298114, at \*3 (D. Nev. Mar. 31, 2016) (Du, J.); *Deutsche Bank v. TBR I, LLC*, No. 3:15-cv-00401-LRH-WGC, 2016 WL 3965195, at \*3 (D. Nev. July 22, 2016) (Hicks, S.J.); *but see U.S. Bank v. NV Eagles, LLC*, No. 2:15-cv-00786-RCJ-PAL, 2015 WL 5210523, at \*6-13 (D. Nev. Sept. 3, 2015) (Jones, S.J.) (holding that the statutory scheme does not satisfy due process).

Even the dissenting justices in *SFR* agreed this was the proper interpretation of Nevada's statutory scheme. *See id.* at 422. Federal courts are not free to reinterpret a state statute once it has been interpreted by that state's highest court. *See Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("[I]t is solely within the province of the state courts to authoritatively construe state legislation."). Nor does the majority's analysis employ Nevada's rules of statutory construction under which the state's laws are presumptively constitutional and must be given any reasonable construction to avoid declaring the statute unconstitutional. *See State v. Castaneda*, 245 P.3d 550, 552 (Nev. 2010) (en banc). Nevertheless, *Bourne Valley* at the moment is controlling authority for federal district courts in the Ninth Circuit that, if it stands, will significantly impact the hundreds of HOA foreclosure cases pending in this District.

Counsel for the purchaser in *Bourne Valley* recently indicated that he will be filing a motion for panel rehearing and rehearing en banc; he thus seeks to stay publication of, and to prohibit citation to, the *Bourne Valley* opinion. *Bourne Valley*, No. 15-15233, ECF No. 36-1 at 3-4. Given these developments, and to avoid receiving briefs about the *Bourne Valley* opinion's effect before the Ninth Circuit resolves any post-opinion motions, I agree with the analysis set forth by Judge Dorsey in *U.S. Bank v. Ascente Homeowners Association*, 2:15-cv-00302-JAD-VCF, ECF No. 44 (Aug. 17, 2016), and I *sua sponte* stay all proceedings in this case pending the Ninth Circuit's issuance of the mandate in *Bourne Valley*.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I find that a *Landis* stay is appropriate here.

1    The crux of the parties' dispute is whether the HOA foreclosure sale extinguished the
2  deed of trust. If the HOA sale was void because Chapter 116 is facially unconstitutional, then the
3  parties' dispute is, in large part, resolved or at least simplified. The *Bourne Valley* opinion,
4  whatever its outcome, thus could be dispositive of this case, or at least of significant issues in the
5  case. In this district, as the jurisprudence and the parties' arguments in this area evolve, the
6  parties file new motions or move to supplement the pending briefs, burdening our already-busy
7  docket. *Bourne Valley* no doubt will inspire more motions and supplements. I have many cases
8  involving HOA foreclosures and many dispositive motions pending. Most of those cases, and
9  many of the pending motions, raise the due process and state action issues addressed by the
10 *Bourne Valley* majority. Staying this case pending the mandate in *Bourne Valley* will permit the
11 parties to present arguments and evidence in the context of complete and resolved precedent, and
12 it will allow me to evaluate the claims in light of this legal authority. Consequently, a stay
13 pending the mandate would simplify the proceedings and promote the efficient use of the parties'
14 and the court's resources.

15   Resolving the claims or issues in this case before the Ninth Circuit issues the mandate in
16 *Bourne Valley* could impose a hardship on both parties. A stay will prevent unnecessary or
17 premature briefing on *Bourne Valley*'s impact on this case.

18   The only potential damage that may result from a stay is that the parties will have to wait
19 longer for resolution of this case and any motions that they intend to file in the future. But a
20 delay would also result from new briefing that may be necessitated if the panel or the en banc
21 court rehears the matter. So a stay pending the *Bourne Valley* mandate will not necessarily
22 lengthen the life of this case. Any possible damage that a stay may cause is minimal.

23   The stay pending the mandate may be short. The parties have 14 days to file post-opinion
24 petitions and the purchaser in *Bourne Valley* intends to do so. *See* Fed. R. App. P. 35(c), 40(a)(1).
25 Absent court order, the mandate must issue seven days after the petition is resolved. *See* Fed. R.
26 App. P. 41(b). The length of this stay is tied to the Ninth Circuit's issuance of its mandate in
27
28

*Bourne Valley*, and it is not indefinite.  Once the mandate is issued, either party may move to lift the stay.

IT IS THEREFORE ORDERED that defendant BFP Investments 5, LLC's motion to dismiss **(ECF No. 15) is DENIED without prejudice**.

IT IS FURTHER ORDERED this case is administratively **STAYED** until the Ninth Circuit issues the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, case number 15-15233 (2:13-cv-649-PMP-NJK).  Once the mandate issues, any party may move to lift the stay.

DATED this 18TH day of August, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE