# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | Case No. 2:15-cv-01841-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO LIFT STAY** |
| BFP INVESTMENTS 5, LLC, | (ECF No. 30) |
| Defendant. | |

This is one of many disputes over the effect of a nonjudicial foreclosure sale conducted by a homeowners association ("HOA") after the prior owner failed to pay HOA assessments. On August 12, 2016, a divided Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* held that Nevada Revised Statutes Chapter 116's HOA nonjudicial foreclosure scheme, as it existed before the statutory scheme was amended in 2015, "facially violated mortgage lenders' constitutional due process rights." 832 F.3d 1154, 1155 (9th Cir. 2016); *but see id.* at \*6-11 (Wallace, J., dissenting). That holding was based on *Bourne Valley*'s interpretation of Nevada law. *See id.* at 1159 (rejecting proposed interpretation of Nevada Revised Statutes § 116.31168(1) to incorporate § 107.090 requiring mandatory notice to junior lienholders). I previously stayed this case pending the conclusion of the proceedings at the U.S. Supreme Court in *Bourne Valley* and in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home*, 388 P.3d 970 (Nev. 2017). ECF No. 27. Those proceedings concluded when the Supreme Court denied certiorari.

Ocwen Loan Servicing, LLC thus moves to lift the stay. However, the Supreme Court of Nevada recently accepted the following certified question from a judge in this district:

> Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on October 1, 2015?

Nev. S. Ct. Case No. 72931 (Order Accepting Certified Question, Directing Briefing and Directing Submission of Filing Fee, filed June 13, 2017); *Bank of New York Mellon v. Star Hill Homeowners Ass'n*, 2:16-cv-02561-RFB-PAL, ECF No. 41. Given the Supreme Court of Nevada's recent unpublished decisions, it is likely that the court will hold that § 116.31168(1)'s incorporation of § 107.090 required the HOAs to provide notice to junior lienholders, thus undermining the lynchpin of *Bourne Valley*'s due process analysis. *See, e.g.*, *PNC Bank v. Saticoy Bay LLC Series 5633 Desert Creek*, Case No. 70909, at n.1 (Nev. Oct. 13, 2017) (unpublished) (noting that the court observed in *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) that Nevada Revised Statutes § 116.31168 "incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary" and citing to the *Bourne Valley* dissent); *see also Premier One Holdings, Inc. v. Wells Fargo Bank*, Case No. 70638 (Nev. Jul. 11, 2017) (unpublished) (same). To save the parties' and the court's resources, I deny the motion to lift the stay, and I extend the stay of all proceedings in this case pending the Supreme Court of Nevada's answer to the certified question.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I find that a *Landis* stay is appropriate here.

The crux of the parties' dispute is whether the HOA foreclosure sale extinguished the deed of trust. If the HOA sale was void because Chapter 116 is facially unconstitutional, then the parties' dispute is, in large part, resolved or at least simplified. The *Bourne Valley* opinion resolves this question one way in federal court while the *Saticoy Bay* decision resolves the same

question the opposite way in state court. I entered the prior stay in anticipation of the U.S. Supreme Court potentially resolving this untenable conflict, but the Supreme Court denied certiorari.

That does not end the matter, however. When a federal right depends on the interpretation of state law (as the due process challenge under a *Bourne Valley* analysis does), the federal courts must apply the interpretation of that law given by the state's highest court. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002). If the state's highest court has not decided the particular issue, then "federal courts must predict how the state's highest court would resolve it." *Id.* *Bourne Valley* thus is only a prediction of how the Supreme Court of Nevada would decide the issue. And that prediction binds lower courts only "in the absence of any subsequent indication" from the state's highest court that the Ninth Circuit panel's "interpretation was incorrect." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n.7 (9th Cir. 2000). Absent an about-face by the Supreme Court of Nevada, that court's response to the certified question likely will constitute "subsequent indication" that *Bourne Valley*'s interpretation of Nevada law was incorrect.

In this district, as the jurisprudence and the parties' arguments in this area evolve, the parties file new motions or move to supplement the pending briefs, burdening our already-busy docket. The Supreme Court of Nevada's answer to the certified question will inspire more motions and supplements. I have many cases involving HOA foreclosures and the parties in those cases no doubt will eventually raise the *Bourne Valley* due process argument. Staying this case pending the answer to the certified question will permit the parties to present arguments and evidence in the context of complete and resolved precedent, and it will allow me to evaluate the claims in light of this legal authority. Consequently, a continued stay will simplify the proceedings and promote the efficient use of the parties' and the court's resources.

Resolving the claims or issues in this case before the answer to the certified question could impose a hardship on the parties. A stay will prevent unnecessary or premature briefing on what impact the Supreme Court of Nevada's answer will have on this case.

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they intend to file in the future. But a delay would also result from new briefing that may be necessitated once the Supreme Court of Nevada issues its opinion. So a stay will not necessarily lengthen the life of this case. Any possible damage that a stay may cause is minimal.

The stay may be short. The reply brief before the Supreme Court of Nevada is due by the end of this month. The length of this stay is tied to the Supreme Court of Nevada's issuance of its answer to the certified question, and it is not indefinite. Once that decision is issued, any party may move to lift the stay.

IT IS THEREFORE ORDERED that plaintiff Ocwen Loan Servicing, LLC's motion to lift stay **(ECF No. 30) is DENIED**. Once the Supreme Court of Nevada has answered the certified question in *Bank of New York Mellon v. Star Hill Homeowners Association*, 2:16-cv-2561-RFB-PAL/Nev. S. Ct. Case No. 72931, any party may move to lift this stay.

DATED this 17th day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE