UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, a Florida Company,<br><br>Plaintiff,<br><br>v.<br><br>BFP INVESTMENTS 5, LLC, a Nevada Limited Liability Company,<br><br>Defendant. | Case No. 2:15-cv-01841-APG-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Leave to Amend Complaint. ECF No. 47. The Court has considered the Motion, Defendant's Response to Plaintiff's Motion (ECF No. 49), and Plaintiff's Reply (ECF No. 50). The Court finds as follows.

**I.    BACKGROUND**

Plaintiff Ocwen Loan Servicing alleges that the Prescott Park Homeowners' Association (the "HOA") and its agent conducted a nonjudicial lien foreclosure sale that extinguished Plaintiff's first Deed of Trust after the prior homeowner failed to pay HOA assessments. On September 24, 2015, Plaintiff brought an action to quiet title against Defendant BFP Investments, the current titleholder of the property seeking injunctive and declaratory relief. Plaintiff now seeks leave of Court to amend its Complaint to join the HOA as a necessary party to the action and allow amendment of its Complaint to add claims for Declaratory Relief and Quiet Title Under Amendments V and XIV to the United States Constitution, Permanent and Preliminary Injunction, Unjust Enrichment, Wrongful/Statutorily Defective Foreclosure, Breach of Statutory Duty, Negligent Misrepresentation, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing.

Plaintiff explains that its request to amend the pleadings is timely because it has been waiting to complete the Nevada Real Estate Division ("NRED") mediation before bringing claims against the HOA and, key to this decision, for the stay of this case to be lifted. Plaintiff states that it did not previously name the HOA as a defendant because, at the time of filing of the initial Complaint, such

1

complaints against an HOA and/or HOA Trustee had to first be submitted to NRED mediation. In support, Plaintiff attached a copy of a December 29, 2016 letter from the NRED stating that the mediation between Plaintiff, the Prescott Park HOA, and the HOA Trustee Nevada Association Services, Inc. ("NAS") was unsuccessful. ECF No. 47-3. Further, at the time of mediation, and when the NRED letter was issued, the instant proceedings were administratively stayed. ECF No. 25. The stay was lifted on September 9, 2019. ECF No. 38.[1] Accordingly, Plaintiff argues that it is seeking this amendment now, not in bad faith or for any dilatory motive, but to guarantee that this case is "evaluated on its merits with the participation of all interested parties." ECF No. 47.

Defendant responds that it does not object to Plaintiff's request to add the Prescott Park HOA as a party defendant. Thus, this issue is not discussed and Prescott Park HOA will be added as a defendant. However, Defendant "object[s] to [Ocwen's] attempt to add new claims related to satisfaction of the superpriority portion of the Association's lien—specifically, claims that include allegations of homeowner payment and bank tender—over five years after the Association foreclosure sale." ECF No. 49 at 1. Defendant argues that Plaintiff unduly delayed in seeking amendment and, in any event, that amendment is futile because the Nevada Supreme Court has questioned whether a homeowner's payments can satisfy the superpriority component of an HOA's lien. *Id*. at 2-3. In sum, Defendant maintains that Ocwen is time barred from amending its Complaint to add as a cause of action and/or affirmative defense that the superpriority component of the Prescott Park HOA's lien was satisfied prior to the foreclosure sale. *Id*. at 2-6.

Plaintiff replies that BFP Investments "ignores the proverbial gigantic elephant in the room. This Court stayed this case from August 19, 2016 through September 9, 2019." ECF No. 50 at 4. Plaintiff argues that the applicable statutes of limitation for its proposed causes of action were tolled as a matter of law during the pendency of the stay. *Id*. at 4-6. Alternatively, Plaintiff contends that

---

[1] The Court first stayed all proceedings in this case pending the Ninth Circuit's issuance of its mandate in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). ECF No. 25 at 2. *Bourne Valley* held that NRS 116's HOA nonjudicial foreclosure scheme facially violated mortgage lenders' constitutional due process rights, because the statutory scheme contained an impermissible notice provision requiring mortgage lenders to "opt-in" to receive notice of foreclosure by an HOA. *Id.* at 1156. However, the Nevada Supreme Court rejected *Bourne Valley*'s interpretation of the Nevada statutory scheme clarifying that NRS 116.31168(1) had always incorporated NRS 107.090's mandatory notice requirement to provide foreclosure notices to holders of junior interests. *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).

the statutes of limitation should be equitably tolled. *Id.* at 6-7. Finally, Plaintiff maintains the Nevada Supreme Court held that "[a] homeowner **absolutely can** satisfy the superpriority component of the HOA's lien" and, further, that Plaintiff was unable to ascertain whether the previous homeowner satisfied this component until the stay was lifted in this matter and discovery was allowed to proceed. *Id.* at 7-8 (emphasis in original).[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading with leave of court, which should freely be given "when justice so requires." In the Ninth Circuit, Rule 15(a) is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal citations and quotation marks omitted). Nonetheless, it is within the district court's discretion to determine whether to grant leave to amend. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000).

Courts "consider[] five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal citation omitted). When the Court exercises its discretion, the Court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal citation omitted).

### A. Plaintiff is Granted Leave to Amend its Complaint to Add its Viable Causes of Action and the Prescott Park HOA as a Defendant.

The five-factor balancing test weighs unanimously in favor of amendment. This is Plaintiff's first request to amend the Complaint. Defendant does not allege, nor is there any evidence of, bad faith on Ocwen's part. Indeed, after the stay was lifted, Plaintiff diligently filed the present motion before the stipulated deadline to amend expired. ECF No. 40 at 3 (setting deadline for amendment as January 28, 2020). In addition, Defendant will not be prejudiced by amendment as discovery

---

[2] ECF No. 50 at 7-8, *citing Silver State Schs. Credit Union v. Oella Ridge Tr.*, No. 76382, 2019 WL 3061742, at *1 (Nev. 2019 July 11, 2019) (unpublished); *Deutsche Bank National Trust Company for New Century Home Equity Loan Trust*, Series *2005-D, Asset Backed Pass-Through Certificates v NV Eagles, LLC, et al.*, No. 75275, 2019 WL 3484013 at *1-2 (Nev. July 24, 2019)(unpublished).

remains open in this matter through July 27, 2020. ECF No. 59 at 4. Further, Plaintiff did not delay in seeking amendment, nor is it time barred from bringing its proposed causes of action as discussed herein.

"A statute of limitations period runs from the date a cause of action accrues, which is 'when a suit may be maintained thereon.'" *U.S. Bank Nat'l Ass'n v. 5316 Clover Blossom Ct. Trust*, No. 75861-COA, 2019 WL 5260057, at * 2 (Nev. Ct. App. Oct. 16, 2019) (unpublished), *citing Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). As of September 8, 2014, Ocwen knew or should have known that statute of limitations period accrual date began to run when it is undisputed the foreclosure deed was recorded (ECF No. 1 at 3 ¶ 9) because, at that point, even if Plaintiff did not know whether the HOA lacked authority to foreclose on the superpriority portion of the lien, Plaintiff clearly knew that the HOA had foreclosed, which would, ostensibly, extinguish Plaintiff's interest.[3] Moreover, even if the accrual of claims arguably did not occur until after discovery reopened, the Court's determination of the accrual start date leave Plaintiff's viable claims in tact for the reasons stated below. Defendant nonetheless, insists that "[a]ny claim based on [Plaintiff's] new allegations of satisfaction of the superpriority portion of the Association's lien are [sic] time-barred based on the three-year limitations period found under NRS 11.190(3)(a) or the four-year limitations period under NRS 11.220.[]" ECF No. 49 at 3. Defendant's arguments fail because this case was administratively stayed and the applicable limitations period was equitably tolled from August 18, 2016 through September 9, 2019. ECF Nos. 25 and 38.

        1.        <u>Operation Of Law Did Not Toll The Statute Of Limitations</u>.

Plaintiff argues that the statute of limitations was tolled as a matter of law under NRS 11.350. However, NRS 11.350 tolls the statute of limitations while an injunction bars the commencement of a lawsuit. *Vari-Build Inc., v. City of Reno*, 622 F.Supp. 97, 100-01 (D. Nev. 1985) ("NRS 11.350 . . . tolls the statute of limitations while an injunction stays the commencement of a lawsuit[.] . . .

---

[3] Nevada applies the discovery rule to the commencement of the accrual of a claim, which means that statutory time limits for bringing a cause of action generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997) (internal citation omitted); *see also Bank of New York Mellon v. Pomeroy*, Case No. 2:17-cv-00939-RFB-NJK, 2019 WL 1429612, at *5 (D. Nev. Mar. 30, 2019) (unpublished) (finding the statute of limitations began to run, at the latest, upon the recording of the foreclosure deed); *U.S. Bank Nat'l Ass'n*, 2019 WL 5260057, at * 2.

4

1 Nevada statute provides no exception for [administrative and judicial appeals], therefore, the courts should not create one"). Further, a review of case law revealed no authority that applies NRS 11.350 to a court ordered stay based on an appeal to a higher court. In fact, Plaintiff provides no authority for this contention and the Court found no decision yielding the result Plaintiff seeks based on this Nevada Revised Statute. Therefore, the Court concludes that the applicable statutes of limitation were not tolled by operation of law when the administrate stay was entered.[4]

2. <u>Equitable Tolling Applies To Plaintiff's Claims</u>.

"Equitable tolling focuses on whether there was excusable delay by the plaintiff[.]" *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks omitted).[5] "Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (internal citation omitted). *See also Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d, 1129, 1140 (D. Nev. 1999) ("[f]ederal courts have applied the doctrine of equitable tolling in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.") (Internal citation omitted.)

Here, of course, Defendant has not engaged in wrongful conduct; however, Plaintiff encountered an excusable delay by virtue of the Court's stay of proceedings arising from a seismic shifting in Nevada law. ECF No. 25 (and discussion therein). This stay was not within Plaintiff's control. In fact, before the stay was actually lifted, the Court twice denied motions to lift stay—one by Defendant and one by Plaintiff—during which time U.S. Supreme Court review was sought and the Nevada Supreme Court further considered interpretation of state law at issue in this case. ECF Nos. 27 and 33. Moreover, once the Court did lift its stay, Plaintiff acted reasonably and promptly. ECF Nos. 38 and 47. Given the ongoing changes in Nevada law, which was apparent to all parties

---

[4] Plaintiff also argues that it was barred from "fil[ing] a new action against BFP incorporating the new claims due to the doctrine of res judicata." ECF No. 50 at 5, *citing Smith v. Hutchins*, 566 P.2d 1136, 1137 (Nev. 1977). The Court does not discuss this argument further because it plays no role in its decision today.
[5] Defendant's "relation back" is inapplicable to the case at bar.

5

herein, there is no finding of prejudice to Defendant and justice is clearly best served by allowing Plaintiff's claims to proceed. *See Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2007 WL 1105118, at *1-2 (N.D. Cal. Apr. 10, 2007) (unpublished) (where the Northern District of California stayed proceedings pending the California Supreme Court's disposition concerning class action waiver enforceability and equitably tolled the Fair Labor Standards Act's statute of limitations to "preserve claims that [would have] otherwise be[en] lost as a result"). Therefore, even if the Court accepts Defendant's argument that the applicable statute of limitations is three years under NRS 11.190(3)(a), Ocwen is well within the statutory limitation period to bring its proposed causes of action as the case was stayed for 1,117 days and, consequently, only two-and-a-half years have run since the foreclosure deed was recorded at the time of this Order.[6]

3. *SFR Invs. Pool 1, LLC v. Wells Fargo Bank, N.A.* Does Not Bar Plaintiff's Claims.

Further, despite Defendant's argument to the contrary, Plaintiff's proposed Unjust Enrichment, Wrongful/Statutorily Defective Foreclosure, Breach of Statutory Duty, Negligent Misrepresentation, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing causes of action are viable. ECF No. 47-1. As shown below, these claims concern the validity of the foreclosure sale and, more specifically, the potential satisfaction of the superpriority component of the Prescott Park HOA's lien.

Defendant argues that amendment is futile, citing to a footnote from a Nevada Supreme Court decision that "question[s whether] a homeowner can satisfy the default as to the super-priority

---

[6] The most restrictive limitations period relevant to Plaintiff's proposed claims is three years. Plaintiff's quiet title, declaratory relief, wrongful/statutorily defective foreclosure, and breach of statutory duty causes of action are all based upon a liability created by Nevada's HOA lien statute and, therefore, carry a three-year limitations period. NRS 11.190(3)(a). Plaintiff's negligent misrepresentation claim also has a three year limitations period. NRS 11.190(3)(d). However, Plaintiff's unjust enrichment claim is not based upon a liability created by statute and, consequently, carries a four-year statute of limitations. NRS 11.190(2)(c). Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims are based on the Prescott Park HOA's Covenants, Conditions & Restrictions, an instrument in writing, and carry a six-year statute of limitations. NRS 11.190(1)(b).

Moreover, Defendant's discussion of *City of Saint Paul, Alaska v. Evans* is inapposite. 344 F.3d 1029 (9th Cir. 2003). The *Evans* court prevented plaintiffs from raising affirmative defenses as a means "to evade the limitations statutes by bringing a time-barred declaratory judgment action, waiting for the defendant to assert its interests in the form of a counterclaim, and then raising the identical time-barred claims as defenses." *Id*. at 1031. In contrast, Plaintiff never attempted to raise its proposed claims as affirmative defenses and the Court-ordered-stay equitably tolled the statutes of limitation.

portion of an HOA's lien[.]" ECF No. 49 at 3, *citing SFR Invs. Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 70471, 2018 WL 6609670, at *1 n.2 (Nev. 2018) (unpublished). On the facts presented in that case, the Nevada Supreme Court concluded that "[a]ssuming a homeowner can satisfy the default as to the superpriority portion of an HOA's lien,[] the record does not establish that the HOA . . . allocated or had an obligation to allocate the former homeowner's payment in that manner." *Id*. at *1 (internal footnote omitted). Accordingly, the Nevada Supreme Court rejected the bank's argument that the homeowner's payment in excess of the superpriority component of the HOA's lien caused its satisfaction. *Id*.

Despite this holding, Defendant's arguments are unpersuasive because the Nevada Supreme Court recently held that the "homeowner has the ability to cure a default as to the superpriority of an HOA lien." *9353 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 459 P.3d 227, 232 (Nev. 2020). In *9353 Cranesbill Tr.*, the court explained that partial payments by the homeowner to the HOA, if applied 100% to the superpriority portion of the delinquency, would have cured "the default as that portion of the lien, rendering the sale void as to the holder of the first deed of trust." *Id.* at 228. Thereafter, the court reasoned that "[a]s the person primarily obligated to pay the HOA fees, the homeowner has the legal ability to pay the superpriority portion of the lien, directly or through payments made to and by the first deed of trust holder." *Id*. at 230 (internal citation omitted). Plaintiff's proposed Unjust Enrichment, Wrongful/Statutorily Defective Foreclosure, Breach of Statutory Duty, Negligent Misrepresentation, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing claims, which center around the possibility that the previous homeowner satisfied the superpriority component of the Prescott Park HOA's lien, therefore, are not barred by case law that is no longer operative. *Wilmington Trust, N.A., as Trustee of ARLP Securitization Trust, Series 2014-2 v. Saticoy Bay LLC Series 206 Valerian*, 416 F.Supp.3d 1077, 1085 (D. Nev. 2019).

    4.    <u>Leave to Amend Will Promote a Decision on the Merits</u>.

Plaintiff was able to determine that the previous homeowner potentially satisfied the superpriority component of the Prescott Park HOA's lien only after the stay was lifted and Plaintiff obtained the HOA Trustee NAS's collection file as part of initial disclosures. ECF No. 50 at 8; ECF

7

No. 50-1 at 3. Allowing Plaintiff to add its proposed causes of action in light of this information furthers the underlying purpose of Rule 15 to facilitate decision on the merits of this case. Accordingly, in light of Rule 15's liberal approach to amendment and unanimous satisfaction of the five-factor amendment test, Plaintiff is granted leave to amend to add the Prescott Park HOA as a defendant and to add its proposed Unjust Enrichment, Wrongful/Statutorily Defective Foreclosure, Breach of Statutory Duty, Negligent Misrepresentation, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing causes of action.

**B.    Plaintiff is Denied Leave to Add its Futile Injunctive Relief, Declaratory Relief, and Quiet Title causes of action under the Fifth and Fourteenth Amendments of the United States Constitution**.

Denying leave to amend a complaint is proper "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (internal citation omitted). "An amendment is futile if the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." *Pullano v. NaphCare*, No. 2:10-cv-00335-JAD-VCF, 2014 WL 4704587, at *5 (unpublished) (internal citations and quotation marks omitted).

Here, the Court denies leave to amend as to Plaintiff's Permanent and Preliminary Injunction "cause of action" because injunctive relief is a remedy, not a cause of action. *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed.Appx. 680, 684 (9th Cir. 2014) (internal citation omitted). Moreover, Plaintiff's Declaratory Relief and Quiet Title causes of action, based on its due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, are not properly asserted. These claims allege that any notice purportedly required by Nevada's HOA lien statute, NRS 116.3116 *et seq.*, prior to its October 1, 2015 amendment, was "inadequate" and "insufficient," rendering the statute facially violative of Ocwen's constitutional due process rights. This argument fails because the Nevada Supreme Court later rejected *Bourne Valley*'s interpretation of the Nevada statutory scheme in *SFR Invs. Pool 1, LLC*, 422 P.3d 1248. That is, *SFR* "clarified that Nev. Rev. Stat. § 116.31168(1) incorporates the mandatory notice requirements of Nev. Rev. Stat. § 107.090. *Id*. at 1250–53. Thus, an HOA must give notice to all junior interest holders regardless of any request. In light of that decision, *Bourne Valley* no longer controls the analysis, and . . . Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice

scheme." *Bank of America, N.A. v. Arlington West Twilight Homeowners Association*, 920 F.3d 620, 623-24 (9th Cir. 2019). Further, *SFR* makes clear that "even before the October 1, 2015[] amendment . . . , [Nevada's HOA lien] statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." 422 P.3d at 1253.

Accordingly, the Court denies Plaintiff's Motion to the extent it seeks to add its futile injunctive relief claims and its Declaratory Relief and Quiet Title causes of action under the Fifth and Fourteenth Amendments of the United States Constitution.

## III. ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 47) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend its Complaint to add the Prescott Park HOA as a defendant and its Unjust Enrichment, Wrongful/Statutorily Defective Foreclosure, Breach of Statutory Duty, Negligent Misrepresentation, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing causes of action.

IT IS FURTHER ORDERED that Plaintiff is denied leave to amend and add its injunctive relief claims and its Declaratory Relief and Quiet Title causes of action under the Fifth and Fourteenth Amendments of the United States Constitution.

IT IS FURTHER ORDERED that Plaintiff shall revise its proposed amended complaint to comply with this Order and file the same with seven calendar days of the date of this Order.

DATED THIS 14th day of April, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE